SLIP OPINION

Cite as 2014 Ark. App. 567

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-64

|  |  |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| JOHN ELLIS JOHNSON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. CR-13-1770] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED |

**KENNETH S. HIXSON, Judge**

After a hearing on a motion to suppress and a bench trial in Pulaski County Circuit Court, appellant John Ellis Johnson was convicted of possession of a firearm by certain persons, theft by receiving, and fleeing. Johnson was sentenced to concurrent terms totaling six years of imprisonment. On appeal, appellant argues (1) that the firearm-related convictions were not supported by sufficient evidence that he was in possession of either firearm, and (2) that the trial court clearly erred in denying his motion to suppress because he was impermissibly detained after the legitimate reason for the traffic stop had concluded. We affirm.

Appellant's convictions in this case arose from a traffic stop at approximately 9:00 p.m. on May 9, 2013, on South University Avenue in Little Rock. Two police officers were on patrol; the driver's side window was down on the patrol car. Officer Derrick Hilton, who

was driving, smelled a strong odor of marijuana emanating from a white Chevrolet Caprice in front of the patrol car. Appellant was the sole occupant and driver of the Caprice. Officer Hilton stated that the Caprice's windows were "slightly down" on both the driver and passenger side. The police initiated a vehicle registration check as they followed, and although the car was white, the registration showed it to be registered to appellant as a blue car. The police then initiated a traffic stop, and the Caprice pulled into a nearby Exxon station. As the patrol car pulled into the Exxon lot, Officer Hilton "smelled a very strong odor of air freshener coming from the vehicle," and the smell continued as they approached to speak with appellant. When asked about the smell of marijuana, appellant denied smoking or possessing any, but he "continued to spray air freshener."

Appellant was asked to exit the vehicle; he complied. The officers began to explain that they smelled marijuana coming from his car. Hilton said that he could smell marijuana on appellant's clothing. Hilton's companion on patrol, Officer Seth Thomas, entered the Caprice, and at that time, appellant "took off running." Two more officers arrived to assist. Officers McKenzie and Baker were in another patrol car. As they arrived, appellant fled on foot. Officer Baker chased and eventually apprehended appellant. In the immediate area where appellant was arrested for fleeing, Hilton found a .22 caliber Freedom Arms firearm. This was the basis for the felon-in-possession-of-a-firearm charge, when it was later learned that appellant was a felon.

Officer Seth Thomas confirmed the course of events as related by Officer Hilton, except that Thomas could confirm that only one of the Caprice windows was down, not

both. He described the Caprice's passenger window as "down a crack." Officer Thomas confirmed that he, too, could smell marijuana coming from the Caprice, even before they initiated a traffic stop. Thomas observed appellant spraying air freshener before and during the initial traffic stop. Thomas testified that after appellant fled, he stayed to search the Caprice, finding a loaded .38 caliber Smith & Wesson revolver under the driver's seat, which turned out to be stolen from Veronica Beasley. This was the basis for the theft-by-receiving charge.

Regarding whether there was any physical evidence of marijuana in the car, Thomas testified that

> [t]here were ashes, what we call shake, like little small pieces of green vegetable matter in the floorboard like a joint had been crushed out, but not enough to be able to collect. This was found in the driver's floor.

Officer Kenneth Jamal Baker testified that when he arrived on the scene, he also smelled marijuana coming from the Caprice. Officer Baker chased appellant on foot. He observed appellant run between a house and a fence line near 53rd Street, pull an object out of his right cargo-pants pocket, and toss it to the ground. Officer Baker could not identify what the object was because it was dark, but he said that after appellant disposed of the object, appellant lay down on the ground. Officer Baker told Officer Hilton where to look for the object, and Hilton retrieved the .22 caliber weapon.

Appellant argues on appeal that the evidence here, viewed most favorably to the State, was insufficient to establish beyond a reasonable doubt that he was in possession of either of the firearms. Although listed as appellant's second point on appeal, we must first address the

sufficiency of the evidence prior to any other alleged trial-court error. *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and consider only the evidence that supports the convictions. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). Evidence is sufficient if it is of such character and force that it, with reasonable certainty, compels a conclusion one way or the other without resort to speculation or conjecture. *Id.* On appeal, we view all the evidence that supports the conviction, including evidence that may have been erroneously admitted. *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993); *Graham v. State*, 2012 Ark. App. 90, 389 S.W.3d 33.

Appellant does not contest that he was a felon, nor does he contest that the State proved that the Smith & Wesson firearm found in the car was stolen. Appellant's argument is that the State failed to prove beyond a reasonable doubt that he was in possession of either firearm because neither was found in his actual possession. He adds that the evidence concerning those firearms should have been suppressed so that the evidence on that issue should not be contemplated in our sufficiency review, but this ignores our standard of review. *See Scroggins*, *supra*. We hold that there is sufficient evidence that appellant was in possession of these firearms as defined in Arkansas law.

The State is not required to prove actual possession but may instead prove that the accused was in constructive possession. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). For constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007).

Constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Polk*, *supra*. We hold that the fact-finder here could infer constructive possession of the firearms. One firearm was under the driver's seat of the Caprice, which was solely owned and occupied by appellant. This is sufficient evidence of constructive possession. The other firearm was found in the immediate vicinity of appellant's arrest after fleeing, and appellant was seen pulling an object from his pocket and throwing it to the ground. This is sufficient evidence from which the fact finder could infer constructive possession of that firearm as well.

Appellant's other argument on appeal concerns the denial of his motion to suppress the evidence based on an alleged illegal detention, search, and seizure. Appellant concedes that the initiation of a traffic stop was legal; his argument is focused on the continued detention after the police had completed their check of appellant's driver's license and registration. We disagree that appellant has demonstrated clear error.

In reviewing a trial court's denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical fact for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007). Arkansas appellate courts defer to the superior position of the circuit court to evaluate the credibility of witnesses at a suppression hearing. *Ilo v. State*, 350 Ark. 138, 85 S.W.3d 542 (2002). We will reverse

the denial of a motion to suppress only if the ruling is clearly against the preponderance of the evidence. *Id*.

The smell of marijuana emanating from a vehicle gives rise to reasonable suspicion to detain the occupant or occupants to determine the lawfulness of their conduct, to search the vehicle, and to arrest the occupants, depending on the circumstances. *Cockrell v. State*, 2010 Ark. 258, 370 S.W.3d 197; *McDaniel v. State*, 337 Ark. 431, 990 S.W.2d 515 (1999); *Brunson v. State*, 327 Ark. 567, 940 S.W.2d 440 (1997); *Lopez v. State*, 2009 Ark. App. 750. The critical inquiry, whether there is an objectively reasonable suspicion to continue to detain a motorist, requires us to focus on what information was gleaned by the officers prior to the conclusion of the traffic stop. *See Yarbrough, supra*.

Appellant does not argue that the State failed to demonstrate evidence that the odor of marijuana was emanating from appellant's vehicle prior to the conclusion of the legitimate traffic stop. Appellant argues, instead, that the officers who testified to that fact were "unreliable" and that our court should give that testimony "no weight." More than one Little Rock police officer testified that appellant and his vehicle smelled of marijuana. The credibility of those officers was a matter left to the circuit court to determine, not our court on appeal. *Montgomery v. State*, 367 Ark. 485, 241 S.W.3d 753 (2006); *Robinson v. State*, 2013 Ark. App. 464. The denial of appellant's motion to suppress was not clearly against the preponderance of the evidence.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Lindsay Bridges*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.