

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-1006

| | |
|---|---|
| MARCUS DOUGLAS CHRISTOPHER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 19, 2017<br><br>APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT<br>[NO. 50CR-15-18]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

### N. MARK KLAPPENBACH, Judge

After his vehicle was searched following a traffic stop, appellant Marcus Christopher was charged with possession of cocaine with the purpose to deliver, possession of marijuana with the purpose to deliver, and possession of drug paraphernalia. The Nevada County Circuit Court denied appellant's motion to suppress the evidence seized during the search, and appellant entered conditional guilty pleas to the charges.[1] On appeal, he argues that the trial court erred in denying his motion to suppress because the warrantless search of his vehicle was illegal. We disagree and affirm the convictions.

Deputy Preston Glenn of the Nevada County Sheriff's Department and Lieutenant Wesley Turner of the Prescott Police Department provided testimony at the suppression hearing. Turner testified that on the afternoon of March 6, 2015, Glenn called to advise him

---

[1]The additional charges of driving with a suspended license and defective brake light were nol-prossed.

SLIP OPINION

that he had received reports that someone driving a black Kia Spectra in the area was acting suspicious. The vehicle was reported to be circling blocks, which Turner said was something drug dealers sometimes do. Glenn initiated a traffic stop on the vehicle after observing that one of its brake lights was not working. After driving a couple hundred yards, appellant stopped in a parking lot. When Glenn approached the vehicle and asked appellant for his driver's license, he smelled a very strong odor of marijuana emitting from the vehicle. Glenn said that the odor gave him probable cause to search the vehicle, so he asked appellant to step out. Turner arrived on the scene to assist Glenn, and other officers were called for backup because a crowd of people, including relatives of appellant's, had gathered in the parking lot. Glenn testified that he spoke with appellant at the back of the car and handcuffed him to detain him.

Turner testified that when he arrived at the stop, he looked through the back-passenger window of appellant's vehicle and saw a Crown Royal bag that appeared to contain a bottle of whiskey. Turner asked appellant if the seal had been broken on the bottle; appellant said it had not and then stated that there was no alcohol in his car. In order to see what was in the bottle, Turner opened the car door and detected a strong odor of marijuana. He discovered that the Crown Royal bag contained marijuana packaged in plastic wrap. When he opened the door, Turner had not been informed by Glenn about the smell of marijuana or instructed to conduct a search. Turner showed Glenn what he had found, appellant was arrested, and Glenn then searched the vehicle and seized more drugs and drug

paraphernalia. Turner testified that appellant was handcuffed after the marijuana had been found. The trial court denied the motion to suppress upon finding the existence of probable cause and exigent circumstances to support the warrantless search.

In reviewing a trial court's denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical fact for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings. *Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880. Arkansas appellate courts defer to the superior position of the trial court to evaluate the credibility of witnesses at a suppression hearing. *Id.* We will reverse the denial of a motion to suppress only if the ruling is clearly against the preponderance of the evidence. *Id.*

Appellant argues that the officers conducted a pretextual stop in order to search his vehicle for drugs. He suggests that Deputy Glenn attempted to conceal this fact because he did not testify about the prior reports of a suspicious vehicle. A pretextual traffic stop, however, is not unconstitutional. *State v. Mancia-Sandoval*, 2010 Ark. 134, 361 S.W.3d 835. As long as the police officer had the proper probable cause to make the traffic stop, the officer's ulterior motives will not render the stop unconstitutional. *See id.* Here, Glenn had probable cause to believe that appellant had violated the traffic law requiring functioning brake lights. *See Sims v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004); Ark. Code Ann. § 27-36-216 (Repl. 2014). Therefore, there is nothing inherently unconstitutional or invalid

SLIP OPINION

about the initial traffic stop.

Appellant next argues that Turner had no probable cause to search the vehicle based on his observation of the Crown Royal bag and that Glenn's subsequent search was tainted by Turner's illegal search. Although Turner had not yet detected the odor of marijuana when he initiated the search, probable cause is assessed based on the collective knowledge of the police, not solely on the knowledge of the officer making the stop or arrest. *Jones v. State*, 2011 Ark. App. 683. At the time Turner initiated the search, Glenn had already decided to search the vehicle based on the odor of marijuana he identified when he asked appellant for his driver's license. We have held that the odor of marijuana coming from a vehicle is sufficient to arouse suspicion and provide probable cause for the search of that vehicle. *Lopez v. State*, 2009 Ark. App. 750. Accordingly, we agree with the trial court that probable cause existed for this search.

Appellant also argues that there were no exigent circumstances to warrant the search because there was no threat of destruction or removal of evidence. We disagree. Arkansas Rule of Criminal Procedure 14.1(a)(i) (2016) allows for a warrantless search of a readily movable vehicle that an officer has reasonable cause to believe contains evidence subject to seizure where the vehicle is in an area open to the public. Because a vehicle is readily movable by any person, not just the suspect, exigent circumstances allow the vehicle to be searched at the scene. *McDaniel v. State*, 337 Ark. 431, 990 S.W.2d 515 (1999). Appellant's vehicle was in a parking lot open to the public and was readily movable, especially with his

SLIP OPINION

relatives among the crowd of people that had gathered; no further exigency was required to search it. *See Vega v. State*, 56 Ark. App. 145, 939 S.W.2d 322 (1997).

While appellant also points out the discrepancy in the testimony concerning the point at which he was handcuffed, he cites no authority to support his contention that handcuffing him prior to the search "would have been illegal" and provides no argument that this would have rendered the search unconstitutional. We hold that the denial of appellant's motion to suppress was not clearly against the preponderance of the evidence, and we affirm appellant's convictions.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Bill Luppen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.