Cite as 2022 Ark. App. 340

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-22-41

| | | |
|---|---|---|
| JOSE CANO | APPELLANT | Opinion Delivered September 21, 2022 |
| | | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-20-96] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

A Grant County jury convicted appellant Jose Cano of possession of methamphetamine with purpose to deliver and two counts of possession of drug paraphernalia. He was sentenced as a habitual offender to an aggregate term of forty-eight years' imprisonment. Cano argues on appeal that there was insufficient evidence to support his convictions. We affirm.

On August 16, 2020, Cano wrecked his vehicle and was arrested for driving with a suspended license. When he emptied his pockets, Cano pulled out a large wad of cash totaling over $2,000 and a clear plastic baggie containing a white crystal substance that was later determined to be methamphetamine. A set of digital scales with white powder residue was found inside the vehicle along with two boxes of ammunition.

Cano argues that the State failed to prove that he acted with purpose to deliver methamphetamine because there was no evidence that he sold or attempted to sell the controlled substance. With respect to the scales, Cano argues that they were never tested for methamphetamine residue and points out that scales have many legitimate uses. As for the "baggies," Cano argues that they were not compared to the baggie containing methamphetamine, so the jury had to have speculated as to their use.[1]

The State contends that Cano's sufficiency argument is not preserved for review. We agree. Arkansas Rule of Criminal Procedure 33.1 provides that a directed-verdict motion based on insufficient evidence must specify the manner in which the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency, such as insufficient proof on the elements of the offense. Rule 33.1 is strictly construed. *Merchant v. State*, 2017 Ark. App. 576, 532 S.W.3d 136.

At the close of the State's case, defense counsel said, "[T]he State has not presented evidence that a reasonable person could find that they've met each and every element of the crime of possession of drug paraphernalia with purpose to deliver." She added, "I want to make the record clear that the insufficiency of the evidence argument is for each of the three charges brought by the State." The trial court denied the motion. Cano did not present any evidence, so counsel renewed her motion, and it was again denied.

---

[1]The paraphernalia at issue was a single baggie that contained approximately sixteen grams of methamphetamine.

Cano's arguments on appeal have clearly evolved from the general motion that he made at trial. *See, e.g., Blanton v. State*, 2022 Ark. App. 44. A party is bound by the scope and nature of his directed-verdict motion made at trial and cannot change the grounds on appeal. *Scott v. State*, 2015 Ark. App. 504, 471 S.W.3d 236. Because Cano's directed-verdict motion was not specific, his challenge to the sufficiency of the evidence is not preserved for our review. We thus affirm his convictions without deciding the merits of his arguments.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.