Cite as 2023 Ark. App. 354

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-652

| | |
|---|---|
| MARTEZ JARRETT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered August 30, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-21-3649]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Martez Jarrett, appeals his convictions for simultaneous possession of drugs and a firearm, possession of fentanyl with the purpose to deliver, possession of heroin with the purpose to deliver, and possession of marijuana with the purpose to deliver.[1] Jarrett's sentences were run concurrently, resulting in an effective ten-year sentence. Jarrett challenges the sufficiency of the evidence supporting his convictions. Specifically, Jarrett contends that the State failed to prove that he constructively possessed any of the contraband found in the jointly occupied vehicle that he was driving. We affirm.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only the evidence supporting the verdict will be

---

[1]Jarrett was also charged with possession of drug paraphernalia and possession of codeine with the purpose to deliver, but he was acquitted of those charges.

considered. *Walden v. State*, 2023 Ark. App. 177, 664 S.W.3d 443. A conviction is affirmed if substantial evidence exists to support it, meaning the evidence is forceful enough to compel a conclusion beyond suspicion or conjecture. *Allen v. State*, 2022 Ark. App. 110, 640 S.W.3d 446. Jarrett was tried to the bench, so the judge was the determiner of fact and credibility. *Holmes v. State*, 2019 Ark. App. 384, 586 S.W.3d 183.

Jarrett's vehicle was stopped for a moving violation. Jarrett was driving, and there was a front-seat passenger. Jarrett had an outstanding warrant for distribution of fentanyl, so the officer had Jarrett exit the vehicle and arrested him. Jarrett had on a "Gucci-like shoulder bag," which the officer advised Jarrett to leave in the vehicle. The officer searched Jarrett's pants pocket and found a substantial amount of cash and a small white rock that the officer believed to be fentanyl. The officer opened the Gucci-like bag and found inside a loaded .40-caliber Glock handgun and 13.85 grams of marijuana in plastic bags. A search of the car revealed a blue bag in the driver's-side door that contained a mix of fentanyl and heroin, also known as "Grey Death." In a backpack behind the driver's seat, officers found individual bags of marijuana. The patrol vehicle's dashboard camera confirmed the sequence of events and the fact that the front-seat passenger did not appear to have touched anything on or around the driver's side of the car.

Jarrett's motions for dismissal were denied, and this appeal followed. The thrust of Jarrett's argument is that the State failed to prove that he was in constructive possession of any of the contraband found in the Gucci-like bag (the loaded gun and over thirteen grams of marijuana), in the blue bag (the mix of fentanyl and heroin), or in the backpack (individual

bags of marijuana). Jarrett emphasizes that contraband was found in closed containers, so no contraband was in plain view. We hold that Jarrett has failed to demonstrate reversible error.

The State is not required to prove actual possession but may instead prove that the accused was in constructive possession. *Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880. For constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Id.* Constructive possession may be inferred where contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* Where, as here, the vehicle is jointly occupied by the driver (Jarrett) and a front-seat passenger, additional linking factors must exist to tie the accused to the contraband. Joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Baker v. State*, 2019 Ark. App. 515, 588 S.W.3d 844. Other factors to be considered in cases involving automobiles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.* There is no requirement that all, or even a majority, of the linking factors be present to constitute constructive possession of the contraband. *Id.*

While none of the contraband was in plain view, the loaded Glock handgun and bagged marijuana were found in a shoulder bag that Jarrett attempted to take with him as he exited the car. That evidence, viewed in the light most favorable to the State, very nearly proved actual (as opposed to constructive) simultaneous possession of drugs and a firearm, providing ample evidence to support that conviction. The evidence certainly presented enough linking factors to render that conviction supported by substantial evidence.

As to Jarrett's convictions for possession of fentanyl, heroin, and marijuana, each with the purpose to deliver, Jarrett challenges only the State's evidence that he had constructive possession of each item of contraband. He adds that the State did not fingerprint any of the contraband to confirm that Jarrett had ever handled any of the items. We hold that there were sufficient linking factors for the fact-finder to conclude that Jarrett was in constructive possession.

Jarrett was the driver of this vehicle, which was registered to him. The contraband was found on his side of the vehicle. The blue bag containing the mix of fentanyl and heroin was in the driver's-side door. The backpack containing bags of marijuana was found behind the driver's seat, in proximity to Jarrett. Other relevant considerations are the facts that Jarrett had an outstanding warrant for distribution of fentanyl, and he had what appeared to be a small rock of fentanyl and substantial sums of cash in his pocket. Looking at the proof in the light most favorable to the State, we hold that there was sufficient evidence to support the fact-finder's conclusion that Jarrett was in constructive possession of the contraband contained in the items on his person and in the containers located in the driver's-

side door and behind the driver's seat.  *See McCastle v. State*, 2012 Ark. App. 162, 392 S.W.3d 369.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Mac J. Carder*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.