Cite as 2023 Ark. App. 384

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-783

| | | |
|---|---|---|
| ROCHELLE MEAD | | Opinion Delivered September 13, 2023 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-15-762] |
| V. | | |
| | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Rochelle Mead appeals the sentencing order entered by the Faulkner County Circuit Court convicting her of trafficking methamphetamine, maintaining a drug premises within one thousand feet of a church, possessing drug paraphernalia, and possessing marijuana. She was sentenced to ten years' imprisonment for the trafficking conviction and fines for the other three convictions. On appeal, Mead challenges the sufficiency of the evidence supporting all four convictions, alleging that the evidence was insufficient to demonstrate that she constructively possessed the drugs or paraphernalia. We affirm.

The convictions arose from an investigation conducted on October 6, 2015, by Officer Todd Wesbecher, an investigator with the narcotics unit of the Conway Police Department. He responded to several anonymous tips regarding possible drug use and

distribution allegedly occurring at apartment D8 in the Salem Park Apartments in Conway. While investigating the tip, Officer Wesbecher was told by neighbors that there was also "heavy foot traffic" in and out of apartment D7, Mead's apartment, that they believed might be drug activity. Officer Wesbecher knocked on Mead's door, which she opened just a few inches. He identified himself, explained he was investigating claims regarding apartment D8, and asked if he could come inside to discuss the matter. He testified that he noticed the odor of raw marijuana coming from inside her apartment. Mead told Officer Wesbecher that he could not come inside, so he asked her to come outside. She picked up her eleven-month-old son and went outside. Mead told Officer Wesbecher that she lived there and had been the sole lessee since her son was born in November 2014. Officer Wesbecher testified that Mead was nervous and appeared to be hiding something.

Officer Wesbecher told Mead that, due to the smell of marijuana coming from her apartment, he was going to secure the scene and obtain a warrant to search her apartment. After he obtained a warrant, he asked Mead to leave the apartment, and she did. During the search, officers discovered a large amount of methamphetamine under the kitchen sink in a shoe box in three separate plastic bags; a small partially burned marijuana cigarette in a candle jar in the kitchen; and a set of digital scales and a bag of methamphetamine on top of the refrigerator. They also found two boxes of plastic bags in the pantry that were similar to the bags found in the shoebox containing the methamphetamine. Finally, they discovered a baggie containing eight grams of marijuana in a plastic bin in the closet in Mead's bedroom, one of two bedrooms in the apartment.

Although Mead had been the sole lessee since her son was born in November 2014 and admitted at trial that she and her son were the only people living in the apartment at the time of the search, she testified that her sister and a friend, Jasmine, had come to stay with her after her son was born and that Jasmine had moved out in August 2015. Mead also said that her friend Shelby Mitchell had moved in during the summer of 2015, but Mead asked Shelby to move out in September. Mead said that she had no knowledge of the drugs or paraphernalia in the apartment, did not know how they got there, and had never smoked marijuana or used methamphetamine.

The jury found Mead guilty of trafficking methamphetamine, maintaining a drug premises within one thousand feet of a church, possessing drug paraphernalia, and possessing marijuana. On appeal, she contends that the evidence was insufficient to prove that she constructively possessed the drugs found in her apartment. Specifically, she argues that this is a joint-occupancy case because the evidence demonstrated that multiple people shared the apartment with her immediately preceding the search.

Before we address the merits of Mead's argument, we must first address preservation. To preserve a challenge to the sufficiency of the evidence, a defendant must move for a directed verdict at the close of the State's case and at the close of all the evidence and must state the specific grounds for the motion. Ark. R. Crim. P. 33.1 (2022); *Break v. State*, 2022 Ark. 219, at 4, 655 S.W.3d 303, 307. We have held that Rule 33.1 is to be strictly construed and that the failure to adhere to the rule constitutes a waiver as to any question pertaining to the sufficiency of the evidence supporting the verdict. *Akram v. State*, 2018 Ark. App. 504,

3

at 2, 560 S.W.3d 509, 512. A general motion for directed verdict asserting merely that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Id.*, 560 S.W.3d at 512.

Although Mead moved for a directed verdict at the proper times, the motions were not sufficiently specific to preserve the argument she now makes on appeal. At the close of the State's case, defense counsel made the following motion:

> DEFENSE COUNSEL: Your Honor, I would like to make a formal Motion for a Directed Verdict, Judge. The State has not met its burden of proof in this matter and we would move for a directed verdict.
>
> COURT: On any particular count?
>
> DEFENSE COUNSEL: All counts.

Then, at the close of all the evidence, defense counsel renewed the motion:

> DEFENSE COUNSEL: Your Honor, I would like to renew my motion for a Directed Verdict. The State has not met its burden of proof and based on the testimony provided in the defense case-in-chief, we would ask for a directed verdict.

Neither directed-verdict motion provided a specific ground on which it should be granted. Counsel did not mention constructive possession or joint occupancy, which are her sole arguments on appeal. Strictly construing Rule 33.1, as we must, we hold that Mead failed to preserve her sufficiency argument for appeal. Accordingly, we affirm her convictions.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

4

*Mark Alan Jesse*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.