Cite as 2024 Ark. App. 560

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-77

| | | |
|---|---|---|
| JASON HARDING | | Opinion Delivered November 13, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60CR-21-3082] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

The Pulaski County Circuit Court convicted appellant Jason Harding of being a felon in possession of a firearm and sentenced him as a habitual offender to five years' imprisonment. Harding argues that the trial court erred in denying his motion to dismiss and his motion to suppress. We affirm.

## I. *Background*

Shortly before Harding's bench trial began, defense counsel orally moved to suppress the firearm at issue. Although a parole search waiver was involved and an underlying statute provides that no reasonable grounds are needed to search for those on probation and parole, defense counsel claimed that our supreme court has since ruled that reasonable suspicion

and reasonable grounds to search are, in fact, required. The trial court held its ruling in abeyance until after the trial testimony.

The State called Agent Violet White, who testified that she is currently an assistant area manager with the Arkansas Department of Community Correction (DCC). Agent White, who referred to Harding as a parolee,[1] testified that she had Harding's signed warrantless-search waiver, dated July 25, 2017, on file, which reads as follows:

> As a condition of my supervised parole or probation, I agree to allow any [DCC] officer, or any certified law enforcement officer, to conduct a warrantless search of my person, place of residence, or motor vehicle at any time, day or night, whenever requested by the [DCC] officer, or certified law enforcement officer.

> I understand that a warrantless search based on this waiver must be conducted in a reasonable manner but does not need to be based on a clearly expressed suspicion that I am committing or I have committed a criminal offense.

Agent White testified that on June 10, 2021, the DCC received a report that early that morning, Harding had driven by and fired a round through a residence. She said that she and other officers went to investigate the report and learned that Harding was living with his parents. Agent White further testified that Harding's mother let her and the other officers into the parents' home. She said that Harding, who had warrants, was cooperative and that officers found a Toyota key fob in his pocket. She testified that Harding's mother said that she owned the Toyota Corolla parked in the driveway but that Harding was "the primary and only" driver of the car. Agent White testified that officers searched the car and found a loaded 30-30 lever-action rifle on the backseat floorboard. Agent White was asked

---

[1]Harding was a probationer, not a parolee.

how a search could be conducted in a "reasonable manner," and she said, "[W]e try to do as little damage as possible, try to take care of people's property and be as respectful as possible."

After the State had rested, defense counsel moved for a directed verdict, which was denied, as was the renewed motion. After closing arguments, the trial court also denied defense counsel's motion to suppress. Harding was found guilty and later sentenced.

## II. *Discussion*

### A. Motion to Dismiss

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1. This court will affirm a trial court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Warren v. State*, 2019 Ark. App. 33, 567 S.W.3d 105. Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Id.*

On appeal, Harding argues that there was insufficient evidence that he actually or constructively possessed the firearm. He further contends that his mother did not say he was the primary and only *occupant* of the car; that she was not asked about the ownership of the firearm; that there was no testimony about how long he had been the primary and only driver of the car; that there was no testimony about when he had last driven or used the car; and that there was no eyewitness or photographic evidence of him with a firearm.

In moving to dismiss below, defense counsel argued the following:

> The State has in no way proven their case. The fact is the officer who did not search Mr. Harding purported to things that were largely hearsay, and the bottom line is that there's critical and vital testing that could have been done on this firearm that was not done. We don't even know if the gun fires. That's really important when trying to show that someone was in possession of a firearm. I believe the law requires it be one that fires, and we don't know that this gun does that.

Arkansas Rule of Criminal Procedure 33.1(c) provides that a dismissal motion based on insufficient evidence must specify the manner in which the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency, such as insufficient proof on the elements of the offense. *Cano v. State*, 2022 Ark. App. 340. Moreover, Rule 33.1 is strictly construed. *Id.* A party is bound by the scope and nature of his dismissal motion made at trial and cannot change the grounds on appeal. *Mosier v. State*, 2023 Ark. App. 469.

Harding's motion to dismiss was not specific enough to preserve the issues he now raises on appeal. He did not argue actual or constructive possession below and did not mention joint occupancy, either.[2] *See, e.g., Mead v. State*, 2023 Ark. App. 384 (holding that counsel's motion for directed verdict was not specific enough to preserve her arguments for appeal where counsel did not mention constructive possession or joint occupancy in the motion); *Porchay v. State*, 2021 Ark. App. 64, 616 S.W.3d 699 (holding that the appellant failed to preserve his argument that the State presented insufficient evidence of the necessary

---

[2]To the extent Harding mentioned actual possession below, it was said with respect to whether the firearm was operable, which is not an argument Harding makes on appeal.

4

"linking factors" needed to establish constructive possession of contraband in a jointly occupied vehicle where, although he mentioned constructive possession in his directed-verdict motion, he challenged only whether the State had proved that he "knew" or "had reason to know" about the presence of the drugs); *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216 (holding that the appellant's motions for directed verdict were too general to preserve his constructive-possession argument raised on appeal because below he merely stated that he did not possess the firearm).

### B. Motion to Suppress

In reviewing a trial court's denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical fact for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings. *Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880. Arkansas appellate courts defer to the superior position of the trial court to evaluate the credibility of witnesses at a suppression hearing. *Id.* We will reverse the denial of a motion to suppress only if the ruling is clearly against the preponderance of the evidence. *Id.*

In defense counsel's oral motion to suppress below, she said,

> This case involves a parole search waiver. The Arkansas statute underlying the case is [Ark. Code Ann. § 16-93-106]. This statute says that "probation and parole need no reasonable grounds to search." However, after this statute was enacted, the Arkansas Supreme Court held in [*Lane v. State*, 2017 Ark. 34, 513 S.W.3d 230], that, in fact, probation and parole does need reasonable suspicion and reasonable grounds to search. It's our contention that in this case, there were no reasonable grounds. My client, Mr. Harding, was inside a house asleep. There was a car parked in the driveway.

5

Probation and parole searched that vehicle and recovered a firearm. That vehicle was, in fact, registered to Mr. Harding's mother. So in relying on *Lane*, we would ask the fruit of the unreasonable search to be suppressed[.]

Arkansas Code Annotated section 16-93-106(a)(1) (Supp. 2023) provides in relevant part that a person who is placed on supervised probation or is released on parole is required to agree to a waiver that allows any certified law enforcement officer or Division of Community Correction officer to conduct a warrantless search of his or her person, place of residence, or motor vehicle at any time, day or night, whenever requested by the certified law enforcement officer or division officer. Section 16-93-106(a)(2) provides that a warrantless search that is based on a waiver required by this section shall be conducted in a reasonable manner but does not need to be based on an articulable suspicion that the person is committing or has committed a criminal offense.

In *Lane*, the Arkansas Supreme Court held that a warrantless entry into a parolee's hotel room was lawful because there were reasonable grounds to search and investigate whether the parolee had violated the terms and conditions of his parole. In deciding *Lane*, the supreme court relied on language in *Cherry v. State*, 302 Ark. 462, 791 S.W.2d 354 (1990), which was handed down before section 16-93-106 was enacted. On appeal, Harding no longer relies on *Lane* and asserts that *Clingmon v. State*, 2021 Ark. App. 107, 620 S.W.3d 184 is "the most instructive case on warrantless searches." In *Clingmon*, we were asked to decide whether section 16-93-106 was constitutional, and the appellant in that case had relied on *Cherry*. We said in *Clingmon* that *Cherry* was an outdated analysis because that case was decided long before the enactment of section 16-93-106, and we called into question the

decision in *Lane* given that it had relied on *Cherry*. We held in *Clingmon* that section 16-93-106 is constitutional and that the statutory language is clear that it does *not* require reasonable suspicion to search; rather, it requires only that a search be conducted in a reasonable manner.

Citing *Samson v. California*, 547 U.S. 843 (2006), Harding acknowledges that there is no question that he was on probation and had a warrantless-search waiver on file wherein he had accepted as a specific condition of his probation that he would submit to warrantless searches. Harding asserts that the officers here found him in his residence, that both his person and his residence were searched, and that no weapons were found on his person or in his proximity. Harding argues that he did not own the vehicle where the firearm was found and that there was no testimony that his mother had consented to a search of her vehicle. According to Harding, the search extending to a vehicle owned by someone other than him, and not registered to him, was "beyond reasonable" after law enforcement had made contact with him, he was cooperative, and there were no firearms found on his person or in his residence.

The trial court simply denied Harding's motion to suppress at the conclusion of the bench trial without any further discussion. Whereas Harding argued below that reasonable grounds were required per *Lane*, *supra*, he now on appeal makes a "beyond reasonable" argument. In other words, Harding did not make this argument below and obtain a ruling on it. In *Clingmon*, after we rejected the appellant's challenge to the constitutionality of the statute, his only remaining argument for suppression was the assertion that the search had

7

not been conducted in a reasonable manner. We refused to address that argument because it had not been developed below or ruled on by the trial court. Likewise, Harding's "beyond reasonable" argument was neither developed below nor ruled on by the trial court; thus, it is not preserved for review. *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.