Cite as 2026 Ark. App. 80

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-25-162

| | |
|---|---|
| JERRY PATTERSON | Opinion Delivered: February 11, 2026 |
| APPELLANT | |
| | APPEAL FROM THE SEARCY |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 65CR-23-85] |
| | |
| STATE OF ARKANSAS | HONORABLE CHARLES E. CLAWSON |
| APPELLEE | III, JUDGE |
| | |
| | AFFIRMED |

### RAYMOND R. ABRAMSON, Judge

Jerry Patterson was found guilty at a bench trial in the Searcy County Circuit Court of one count of refusal to take a chemical test in violation of Arkansas Code Annotated section 5-65-205 (Repl. 2024) and ordered to pay $145 in fines and costs. Patterson now appeals, alleging error on three grounds: (1) there was insufficient evidence to support a finding that he refused a chemical test; (2) there was insufficient evidence to support the officer's requirement that Patterson take a field sobriety test; and (3) there was insufficient evidence to support a finding of probable cause to arrest and require him to take a chemical test. We affirm.

### I. *Background*

In the district court, Patterson was tried on the July 30, 2023 refusal-to-submit-to-a-chemical-test violation, six additional traffic violations, and one misdemeanor. Patterson was

found guilty in district court of all charges, and he appealed to the circuit court. Before the circuit court trial, Patterson resolved all but the instant offense by either plea or nolle prosequi.[1]

Patterson, the county coroner, was called out to a one-person car accident involving a fatality on July 18, 2023. At the scene of the accident, Trooper Pike saw that Patterson stumbled out of his vehicle, was confused about how to perform a blood draw, and had to be informed that he was not recording the deceased because his phone was not recording. Trooper Pike further watched Patterson drive erratically on the way to the funeral home. Trooper Pike called Corporal Boswell with the Arkansas State Police and informed him of her concerns regarding Patterson. Corporal Boswell then followed Patterson and saw him drive over the white line; he initiated a traffic stop due to Patterson's driving and his car's broken taillight.

Corporal Boswell testified at trial that after being stopped, Patterson had watery eyes, was slurring his speech, had trouble finding his driver's license, and refused all sobriety tests. At this point, Corporal Boswell placed Patterson under arrest for suspicion of driving while intoxicated and transported him to the Searcy County jail. At the jail, Corporal Boswell read Patterson his driving-while-intoxicated rights form, and Patterson agreed to perform a chemical test. Corporal Boswell requested a urine test because he suspected that Patterson was under the influence of a controlled substance. Patterson specifically consented to the urine test. Corporal Boswell and Patterson arrived at the jail at 6:32 p.m., and by 7:54 p.m., Patterson still had not provided a urine sample. Additionally, evidence presented at trial showed that Patterson had not urinated

---

[1]At the close of evidence, Patterson requested twenty days to brief the probable-cause argument, which the circuit court granted. The briefs, if they exist, are not in the record before this court.

in the hour before he arrived at the jail. Corporal Boswell testified that he provided Patterson with water during the period and that Patterson drank the water provided but could not provide a sample. At 7:54 p.m., Corporal Boswell deemed that Patterson had refused the test.

On November 8, 2024, the circuit court entered an order finding Patterson guilty of refusing a chemical test in violation of Arkansas Code Annotated section 5-65-205.[2] The circuit court sentenced Patterson to $145 in fines and costs. This appeal followed.

## II. *Preservation*

In order to preserve a challenge to the sufficiency of the evidence in a bench trial, a criminal defendant must make a specific motion for dismissal or for directed verdict at the close of all evidence. *Sellers v. State*, 2013 Ark. App. 210, at 3–4 (citing *Colgan v. State*, 2011 Ark. App. 77, at 1; Ark. R. Crim. P. 33.1(b)–(c)). Rule 33.1 states in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. . . . If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

Rule 33.1(c) goes on to provide that a dismissal motion based on insufficient evidence must specify the manner in which the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency, such as insufficient proof

---

[2]The circuit court erroneously states that Patterson was contesting a second charge of refusal to take a breath test; however, he had conceded his guilt as to that charge at the beginning of trial.

3

on the elements of the offense. *Cano v. State*, 2022 Ark. App. 340. Moreover, Rule 33.1 is strictly construed. *Id.* A party is bound by the scope and nature of his dismissal motion made at trial and cannot change the grounds on appeal. *Mosier v. State*, 2023 Ark. App. 469; *Harding v. State*, 2024 Ark. App. 560, at 4, 700 S.W.3d 521, 523–24.

In his motion for directed verdict,[3] Patterson argued the following:

> First, I want to move for directed verdict of not guilty because the State has not established that officer had probable cause to make an arrest. Nor did he a probable cause number two to require Mr. Patterson to submit to a test. Number three, we move for a directed verdict of not guilty because Mr. Patterson explained that he had a medical problem ~ excuse me ~ that'll come. Mr. Patterson requested a blood test on multiple occasions during the waiting period that the officer gave. Number two, the officer could not identify the policy that establishes the mythology that is used by State Police in order to determine whether or not an individual is refusing to give a specimen, other than verbally.

At the close of all the evidence, Patterson renewed his motion for directed verdict on these three issues. Patterson did not expand on the argument that he had a "medical problem" in either motion for a directed verdict.[4]

Patterson's first two arguments in his motion for directed verdict failed to articulate any specific grounds to support his claims that the State did not have probable cause to either arrest him or require him to complete a chemical test. Patterson failed to present any specific argument that he now brings on appeal, including that he was not slurring his words, there was no odor of intoxicants, there was no erratic behavior, and that refusal to take a portable breath test cannot be used as evidence for intoxication. Merely stating that there was "no probable cause" is the

---

[3]Although it was a bench trial, Patterson referred to his motion as one for directed verdict instead of dismissal.

[4]Patterson, a lawyer, represented himself pro se in the circuit court.

4

equivalent of arguing that the prosecution had not met its burden: an argument we have soundly rejected. *See Conery v. State*, 2019 Ark. App. 529, at 2–3, 590 S.W.3d 162, 164.

As to his argument regarding the sufficiency of his refusal to take a chemical test, Patterson preserved two arguments: (1) that he offered to take a blood test instead of a urine test and (2) that the State failed to articulate the methodology that they used to determine when a test is deemed refused without an explicit verbal refusal.

Patterson, however, does not argue on appeal that the Arkansas State Police failed to have a specific methodology for determining when an individual is deemed to have refused a chemical test. Issues raised below but not argued on appeal are considered abandoned. *Cullen v. State*, 2023 Ark. 172, at 3, 678 S.W.3d 20, 22. Accordingly, the only issue preserved for appeal and raised on appeal is whether Patterson's request for a blood test was enough to demonstratively illustrate that he did not refuse a chemical test.

### III. *Sufficiency of the Evidence*

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1; *Warren v. State*, 2019 Ark. App. 33, at 2, 567 S.W.3d 105, 107. This court will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Campbell v. State*, 2019 Ark. App. 297, at 4–5, 577 S.W.3d 729, 732–33.

5

Viewing the evidence in the light most favorable to the verdict, at the traffic stop in question, Patterson had repeatedly refused all sobriety tests before his arrest. Patterson agreed to a urine test, was provided water, and despite not urinating for over two hours, was unable to provide a sample. The only issue before this court is whether Patterson's offer to take a blood test was enough to undermine the outcome of the verdict. Our supreme court has routinely held that when an individual refuses the required test, they have no right to an independent chemical test. *See, e.g.*, *Hudgens v. State*, 324 Ark. 169, 174, 919 S.W.2d 939, 941 (1996); *Patrick v. State*, 295 Ark. 473, 750 S.W.2d 391 (1988); *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992). Likewise, the statement-of-rights form states that "*if you take the chemical tests requested by law enforcement*, you may also . . . have [a qualified person] administer an additional chemical test." (Emphasis added.) Accordingly, Patterson's offer to take a blood test does not negate his deemed refusal to take the requested urine test.

## IV. *Conclusion*

Thus, for the foregoing reasons, we conclude that the circuit court did not err in finding Patterson guilty of refusal to take a chemical test.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.